UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ken Landow, Ken Landow IRA, and Ken Landow Associates Limited Partnership,<br><br>Plaintiffs<br><br>v.<br><br>Alvery A. Bartlett, Jr. and Berthel Fisher & Company Financial Services Inc.,<br><br>Defendants | Case No.: 2:18-cv-00499-JAD-VCF<br><br>**Order Granting Motion to Dismiss and Closing Case**<br><br>[ECF No. 36] |

Plaintiff Ken Landow alleges that defendant Berthel Fisher & Company Financial Services, Inc. and its registered representative Alvery A. Bartlett, Jr., misled Landow into purchasing high-commission, high-fee, high-risk, direct-participation-program, and private-placement securities despite his stated preference for moderate-risk investments. I dismissed Landow's first complaint because he failed to allege facts showing viable claims for relief, but I granted him leave to amend.[1] Landow filed an amended complaint that rephrases some of his claims but largely follows his initial complaint. Both defendants move to dismiss, arguing that Landow's claims do not meet the pleading standard and are time-barred.

The parties are familiar with the facts of this case and I will not repeat them in detail here. I grant the motion because Landow fails to cure the deficiencies in his fraud, breach-of-fiduciary-duty, and breach-of contract claims and it is apparent on the face of the complaint that all of his claims are time-barred. I also deny Landow leave to file a second amended complaint because it would be futile.

---

[1] ECF No. 34.

**Legal Standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[3] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[4] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[5]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[6] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[7] The court must then consider whether the well-pled factual allegations state a plausible claim for relief.[8] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[9] A complaint that does not permit the court to infer more than the mere possibility

---

[2] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[3] *Twombly*, 550 U.S. at 570.

[4] *Iqbal*, 556 U.S. at 678.

[5] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

[6] *Iqbal*, 556 U.S. at 678–79.

[7] *Id.*

[8] *Id.* at 679.

[9] *Id.*

of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[10]

**Discussion**

**A.     Breach of fiduciary duty**

In his initial complaint, Landow failed to plead the existence of a fiduciary relationship with Bartlett or Berthel Fisher.[11]  Although Landow pleaded the existence of a confidential relationship with Bartlett, he did not bring a claim for breach of a confidential relationship. Landow's amended complaint adds an allegation that he and Bartlett spoke daily in the course of their "student-pupil" relationship[12] but does not add any factual allegations relating to Berthel Fisher.

A common-law breach-of-fiduciary-duty claim in Nevada consists of three elements: (1) the existence of a fiduciary relationship, (2) breach of a duty owed under that relationship, and (3) damages proximately caused by the breach.[13]  "A fiduciary relationship is deemed to exist when one party is bound to act for the benefit of the other party."[14]  "The Nevada Supreme Court has held that fiduciary duties arise as a matter of law in certain categories of relationships" like insurer–insured, attorney–client, spouses, doctor–patient, and officer–corporation.[15]  Nevada also recognizes duties owed in confidential and special relationships.[16]

---

[10] *Twombly*, 550 U.S. at 570.

[11] ECF No. 34 at 2–7.

[12] ECF No. 35 at ¶ 7.

[13] *Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009).

[14] *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 880–81 (9th Cir. 2007).

[15] *Id.* at 881 (collecting cases).

[16] *Id.*

1    Neither Landow's new allegations nor his arguments rescue his claims. Landow adds no
2 factual allegations regarding his relationship with Berthel Fisher, and Landow's alleged "student-
3 pupil" relationship is not a fiduciary relationship recognized under Nevada law.[17]  Landow again
4 cites the Supreme Court of Nevada's decision in *Secretary of State v. Tretiak* for the proposition
5 that broker-dealers have fiduciary duties, but I distinguished this case in my prior order and
6 Landow does not explain why my previous analysis was mistaken.[18]  Landow also cites
7 references in the United States Supreme Court's decision in *Securities and Exchange
8 Commission v. Capital Gains Research Bureau, Inc.* to an investment advisor's fiduciary
9 duties.[19]  But Landow does not allege that Bartlett manages his investments as an investment
10 adviser.[20]  Rather, Landow's allegations focus on Bartlett's advice while employed by a broker-
11 dealer.[21]  And, in any event, Nevada did not recognize that an investment adviser owed his client
12 a fiduciary duty until 2017, well after the transactions alleged in the complaint occurred.[22]  So I
13 grant the motion to dismiss Landow's amended breach-of-fiduciary-duty claim.

---

[17] *See Robinson v. Nev. Sys. of Higher Educ.*, No. 3:15-CV-00169-MMD-VPC, 2015 WL 8780244, at *3 (D. Nev. Dec. 15, 2015).

[18] ECF No. 34 at 5–6 ("*Tretiak* cannot be fairly construed as holding that securities broker-dealers are fiduciaries.").

[19] *Securities and Exchange Commission v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180 (1963).

[20] *See* ECF No. 35 at ¶ 2–3.

[21] *Id.*; *see also* 15 U.S.C. § 80b-2(a)(11) (defining "investment adviser" as excluding broker-dealers providing advice incidental to its work).

[22] *Compare* Nev. Rev. Stat. § 90.575(1) (eff. July 1, 2017) (providing that "[a] broker-dealer, sales representative, investment adviser or representative of an investment adviser shall not violate the fiduciary duty toward a client imposed by NRS 628A.020" on financial planners), *with* Nev. Rev. Stat. § 628A.010(3) (eff. to June 8, 2017) (excluding, among others, licensed broker-dealers, sales representatives, and investment advisers from the definition of financial planner).

**B.    Misrepresentations and omissions**

I dismissed Landow's original misrepresentation claim because he failed to state the circumstances constituting fraud with particularity and the allegedly false statements were non-actionable puffery.[23] Landow now alleges that Bartlett represented that each investment was a "conservative/moderate risk investment."[24] Bartlett and Berthel Fisher argue that Landow still fails to plead actionable false statements with particularity.[25]

In Nevada, negligent misrepresentation and fraudulent misrepresentation both require proof that (1) the defendant supplied false information or make a false representation,[26] (2) plaintiff justifiably relied on the misrepresentation, and (3) the plaintiff suffered damage resulting from his reliance.[27] "[C]ommendatory sales talk . . . ('puffing')" is not actionable under Nevada law.[28] And regardless of which version of this tort is alleged, the circumstances constituting fraud or mistake must be stated with particularity.[29] "Rule 9(b) demands that the circumstances constituting the alleged fraud [or mistake] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just

---

[23] ECF No. 34 at 9–10.

[24] ECF No. 35 at ¶ 29.

[25] ECF No. 36 at 7–9.

[26] The tort of negligent misrepresentation "requires an affirmative false statement; a mere omission will not do[,]" so alleged omissions can be pursued only under the theory of fraudulent misrepresentation. *See Republic Bank & Trust Co. v. Bear, Stearns & Co., Inc.*, 707 F. Supp. 2d 702, 713–14 (W.D. Ky. 2010) (applying Kentucky law, which, like Nevada, "follows the Restatement" for negligent misrepresentation).

[27] *Compare Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013) (quoting Restatement (Second) of Torts § 552 for the elements of negligent misrepresentation), *with Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992) (stating the elements of fraudulent misrepresentation).

[28] *Bulbman, Inc.*, 825 P.2d at 592.

[29] Fed. R. Civ. P. 9(b).

deny that they have done anything wrong."[30]  Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."[31]

Landow's rote allegation that Bartlett presented each investment as a "conservative/moderate risk investment" is insufficient.  By simply alleging that Bartlett made the same false statement in each sales presentation, Landow again fails to state the circumstances constituting fraud with particularity by identifying the "who, what, when, where, and how" of the false statements.  Landow's formulaic recitation of this single false statement for each investment does not allow Bartlett and Berthel Fisher to adequately defend themselves against Landow's allegations.  Landow argues that defendants misrepresented the diligence they conducted on the investments,[32] but he does not allege these false statements in the complaint, much less with particularity.  And as I explained in my order dismissing Bartlett's initial complaint, the claims that the investments were "conservative/moderate risk" are not actionable in fraud because general claims as to the safety of an investment are non-actionable puffery and not capable of objective verification.[33]  So I dismiss Landow's amended misrepresentation claim for failure to state a claim.

---

[30] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quotation omitted).

[31] *Id.* (quotation omitted).

[32] ECF No. 37 at 8.

[33] ECF No. 34 at 9–10 ("Statements that an investment is 'safe' or 'well managed' are not actionable in fraud because they are opinions or sales puffing."); *see also Retail Wholesale & Dep't. Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) ("To be misleading, a statement must be capable of objective verification.").

### C. Negligence

I dismissed Landow's original negligence claim because his allegations were either duplicative of his misrepresentation claim or too conclusory.[34] Landow alleges that Bartlett and Berthel Fisher violated the industry standard of care by recommending investments inconsistent with Landow's stated risk preference, providing misleading account valuations, permitting overconcentration in risky investments, and failing to conduct independent diligence.[35] The defendants argue that Landow's negligence claim is still too vague to meet the pleading standard and that Landow fails to allege causation.[36] In his response, Landow argues that courts look to industry guidelines for the standard of care in this context.[37]

Under Nevada law, negligence requires proof of four elements: (1) the existence a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.[38] Although the negligence section of Landow's complaint is conclusory, the incorporated fact section details the alleged negligent acts, causation, and damages.[39] It is true that Landow's negligence theory is premised on much of the same conduct that underlies his fraud claim, but the Federal Rules of Civil Procedure allow him to plead alternative theories of relief.[40] So I deny the motion on this ground. But, as discussed below, Landow's negligence claim is nevertheless subject to dismissal—as time-barred.

---

[34] ECF No. 34 at 11.
[35] ECF No. 35 at ¶ 79–82.
[36] ECF No. 36 at 9–10.
[37] ECF No. 37 at 13-14.
[38] *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).
[39] ECF No. 35 at ¶¶ 17–18, 21–40, 78.
[40] Fed. R. Civ. P. 8(d).

**D.     Breach of contract**

I dismissed Landow's original breach-of-contract claim because he failed to plausibly allege the existence of an enforceable contract incorporating, as Landow claimed, rules and regulations promulgated by the National Association of Securities Dealers (NSAD), the Financial Industry Regulatory Authority (FINRA), and the New York Stock Exchange (NYSE).[41]  Landow also failed to plead that he was a third-party beneficiary of a contract between Berthel Fisher and FINRA.[42]  Landow again alleges that the defendants agreed to abide by FINRA rules in their contracts with him, and he attaches an exhibit with pages from separate documents dating from 2005 to 2017 as the purported agreement.[43]  In opposing the motion, however, Landow abandons the purported contract in favor of his third-party beneficiary theory.[44]

Neither theory is viable.  Landow's allegation that Exhibit A constitutes a contract between Landow, Bartlett, and Berthel Fisher is not plausible because the exhibit is a collection of unrelated documents, and the term referring to FINRA rules post-dates the transactions at issue here.[45]  And if Exhibit A were an enforceable contract, other terms cautioning Landow on investment risk and requiring him to read the prospectuses of his investments would undermine his breach-of-contract claim.[46]  With regard to the third-party-beneficiary theory, I dismissed Landow's original claim because the "theory has been repeatedly rejected by courts across the

---

[41] ECF No. 34 at 12–13.
[42] *Id.*
[43] ECF No. 35 at ¶ 92, Ex. A.
[44] ECF No. 37 at 15–17.
[45] ECF No. 35 at 44.
[46] *Id.* at 45.

8

country, including the Ninth Circuit, as [an] attempt[] to circumvent the fact that there is no private right of action under rules promulgated by any of these associations or regulatory authorities."[47] So I dismiss Landow's amended breach-of-contract claim, too.

### E. Statute of limitations

In my order dismissing Landow's first complaint, I did not reach the issue of whether his claims are time-barred because I granted him leave to amend.[48] The defendants renew their argument that Landow's claims are time-barred and that the discovery rule does not excuse his delay because he had reasonable notice of his claims.[49] Landow responds that the statute of limitations is a factual question and that he did not discover that he had a cause of action until January 19, 2017.[50]

Federal courts must determine whether "the running of the statute is apparent on the face of the complaint" to dismiss under Rule 12(b)(6) on statute-of-limitations grounds.[51] Under Nevada law, claims for negligence must be brought within two years of the claim's accrual.[52] Claims for breach of fiduciary duty or fraud must be brought within three years.[53] And breach-

---

[47] ECF No. 34 at 12 (quotation and alteration marks omitted).

[48] *Id.* at 13 n.60.

[49] ECF No. 36 at 14–17.

[50] ECF No. 37 at 17–20.

[51] *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quotation omitted); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

[52] Nev. Rev. Stat. § 11.190(4)(e).

[53] *Id.* at § 11.190(3)(d); *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011) ("A breach of fiduciary duty is analogous to fraud, and thus, Nevada applies the three-year statute of limitation set forth in NRS 11.190(3)(d).").

9

of-contract claims not based on a written instrument must be brought within four years.[54]  "The general rule . . . is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought."[55]  But under the discovery rule, the statute of limitations is tolled until the plaintiff knew or should have reasonably known the facts constituting his cause of action.[56]

      Landow argues that he did not discover "that he had a cause of action" against the defendants until January 19, 2017, when he had a contentious meeting with Bartlett and "began to put the pieces together that Mr. Bartlett had not been honest with him about the risks and values of the investment in his portfolio."[57]  Landow points to misleading account statements that utilized the purchase price as the "approximate value" of his investments, arguing that they led Landow to believe that his "conservative/moderate risk" investments had held their values and prevented him from discovering that he had suffered losses.[58]  But a sample spreadsheet that Landow submitted in support of his opposition to the defendants' original motion to dismiss belies that claim.[59]  The spreadsheet, dated October 2012, warns that "[l]iquidation values may vary significantly" and that "[u]nder no circumstances should [it] be used for accounting or

---

[54] Nev. Rev. Stat. § 11.190(2)(c).

[55] *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998) (quoting *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990)).

[56] *Id.*; s*ee also Shupe v. Ham*, 639 P.2d 540, 542 (Nev. 1982).

[57] ECF No. 37 at 19; ECF No. 35 at ¶ 38.

[58] ECF No. 35 at ¶¶ 32, 39.

[59] ECF No. 12-2 at 6–7.  I consider this document because it is incorporated by reference into Landow's amended complaint, which discusses the spreadsheets extensively.  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

financial planning purposes."[60]  The spreadsheet shows several of the investments at the heart of the amended complaint with either significant declines in value or a value of zero dollars.[61]

So Landow reasonably should have known the facts underlying his key allegation—that the investments Bartlett recommended were not consistent with his "conservative/moderate risk" preference—as early as the 2012 spreadsheet.  This conclusion is bolstered by Landow's own allegations that early investments had a time horizon of two to three years, obliging Landow to make reasonable inquiries after the expected returns failed to materialize as early as 2008.[62]  Landow's amended complaint shows that he should have known the facts constituting his cause of action by 2012, so the statutes of limitations applicable to Landow's claims expired by 2016 at the latest.  I thus dismiss all of Landow's amended claims for this independent reason, as well.  And because Landow's claims are time-barred, amendment would be futile.  So I deny Landow's request for leave to amend his complaint a second time.[63]

---

[60] ECF No. 12-2 at 7.

[61] *Compare id.* at 6–7 *with* ECF No. 35 at ¶ 29 (showing Behringer Harvard Strategic Opportunity Fund, L.P., Nytrox equity and loans, and Formosa Films with value of zero and Apartment Trust of America and KBS REIT I with significant declines in value).

[62] *See* ECF No. 35 ¶ 29 (2005 investment in Behringer Harvard Strategic Opportunity Fund had 3–5 year projection and 2007 investment in Insite I-5 had 2–3 year cycle).

[63] *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citations omitted ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal.").

**Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that the defendants' motion to dismiss **[ECF No. 36] is GRANTED; this case is DISMISSED with prejudice**. The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

Dated: November 18, 2019

_____
U.S. District Judge Jennifer A. Dorsey